IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03148-PAB-MEH

ELIZABETH HUDSPETH,

       Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, L.P., a Delaware limited partnership,

       Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED.R.CIV.P. 56, CM/ECF # 15**

---

COMES NOW the Plaintiff, Elizabeth Hudspeth, by and through her counsel, David M. Larson, Esq., and submits the following Response to the Defendant's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and states as follows:

## INTRODUCTION

The Plaintiff brought this action against the Defendant alleging that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (hereinafter "FDCPA") while attempting to collect a Citibank, N.A. account from the Plaintiff by falsely representing to the Plaintiff during a telephone call on November 15, 2011 that the Account will be on the credit bureau reports until paid, that her dispute of the Account had to be in writing and that she needed a reason to dispute the Account.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

## RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Admit.

2.    Admit.

3.    Admit.

4.    Admit.

5.    Admit.

6.    Admit.

7.    Admit.

8.    Admit.

9.    The Plaintiff is unable to admit or deny this allegation as the Plaintiff does not know if the statement is true or false and does not have any evidence or basis to say that it is true or false.

10.    The Plaintiff is unable to admit or deny this allegation as the Plaintiff does not know if the statement is true or false and does not have any evidence or basis to say that it is true or false.

11.    The Plaintiff is unable to admit or deny this allegation as the Plaintiff does not know if the statement is true or false and does not have any evidence or basis to say that it is true or false.

12.    Admit.

## STATEMENT OF ADDITIONAL DISPUTED FACTS

1.      The Plaintiff sent the Defendant a letter disputing the account via US Mail on November 16, 2011. A copy of the letter is attached as **Plaintiff's Exhibit 1**. Portion of Plaintiff's Deposition Transcript attached as **Plaintiff's Exhibit 2**. p. 142, line 1 to p. 145, line 20.

<u>ARGUMENT</u>

**STANDARD FOR SUMMARY JUDGMENT**

Fed.R.Civ.P. 56(a) provides:

**Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." <u>Id.</u> at 248.  "A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

**PRINCIPLES OF CONSTRUCTION**

The FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1171 n.5 (9th Cir. 2006); O'Connor v. Check Rite, 973 F.Supp. 1010 (D. Colo 1997).

"Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable Judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

"The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

The FDCPA provides for actual damages, statutory damages of up to $1,000.00, reasonable attorneys fees, costs and disbursements. 15 U.S.C. § 1692k.

The Court applies the "least sophisticated consumer" standard to determine whether a representation constitutes a violation of section 1692e. Clomon v. Jackson, 988 F.2d 1314, 1318. (2nd Cir. 1993). "The FDCPA protects all consumers, the gullible as well as the shrewd." Dikeman v. National Educators, Inc., 81 F.3d 949, 954, Footnote 14. (10th Cir. 1996).

## ARGUMENT

The Court should deny the Defendant's Motion for Summary Judgment because it is undisputed that the Defendant violated the FDCPA during the telephone conversation

on November 15, 2011 with the Plaintiff that was recorded by both the Plaintiff and the Defendant thus the Defendant's Motion must fail.

The Plaintiff states that the Defendant violated FDCPA 1692e preface, e(2)(A), e(8), e(10) and 1692f preface via falsely representing to the Plaintiff that the account would remain on her credit report until paid.

"Plaintiff: So its on my credit until I pay it?

"Collector: Yes, as a delinquent account, ma'am, yes…"

**Defendant's Exhibit A**, p. 8, Line 15 – 18.

The Plaintiff states that the Defendant violated FDCPA 1692e preface, e(2)(A), e(8), e(10) and 1692f preface via falsely representing to the Plaintiff her dispute of the account had to be in writing to the Defendant and that she had to have a reason to dispute the account.

"Plaintiff: Does my dispute have to be in writing?"

"Collector: Yes, I just said we need a letter of dispute for my office in writing, yes."

Plaintiff: "Do I need to have a reason to dispute it?

Collector: "Yes. You have to send a letter in writing why you don't owe – why you

feel you don't owe the bill, yes."

**Defendant's Exhibit A**, p. 6, Line 12 – 20.

15 U.S.C. 1692e preface provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

15 U.S.C. 1692e(2)(A) provides:

The false representation of  - the character, amount, or legal status of any debt;

15 U.S.C. 1692e(8) provides:

Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. 1692e(10) provides:

The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. 1692f preface provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

## FALSE REPRESENTATION REGARDING CREDIT REPORTING

The Defendant's actions in falsely representing to the Plaintiff that the account will be on the Plaintiff's credit until paid constitutes a clear violation of the FDCPA as this statement is false. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA") is the law that controls credit reporting in the United States. 15 U.S.C. § 1681c(4) prohibits a credit reporting agency from reporting a collection account that is over seven years old. Accordingly, a collection account will fall off a credit report after the expiration of seven years even if there is no payment on the account. Additionally, a credit reporting agency must delete an item from a credit report where its own independent investigation reveals the information to be inaccurate or incomplete, nothwithstanding that a furnisher continues to verify information to a credit reporting agency as correct. *See* 15 U.S.C. § 1681i(a)(1)(A) and 1681i(a)(5). Thus the Defendant's representations are false. The FDCPA prohibits from making false or

misleading representations in connection with the collection of a debt and from using unfair or unconscionable means to collect to attempt to collect any debt. *See* 15 U.S.C. §1692e preface, e(2)(A), e(8), e(10) and 1692f preface. Debt collectors may not make false claims, period. Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004). Credit reporting is a tool used by debt collectors in collecting accounts and would naturally raise concerns on the part of the consumer about the harmful effects to his or her reputation and credit standing. *See* FTC Staff Opinion Letter, 1997 WL 33791232 (F.T.C.) (Dec. 23, 1997).

The Defendant attempts to escape liability for its materially false statement to the Plaintiff that the account would be on her credit until paid by making several arguments that fail as follows:

The Defendant argues that the Defendant's representatives made several things clear to the Plaintiff on page 10 of its brief. However, the Defendant conveniently fails to address the materially false statement at issue regarding credit reporting as quoted and discussed above. The Defendant does not have an explanation for the clearly material false representation made to the Plaintiff that the account will be on her credit until paid so it ignores the representation and accordingly admits that it is a material false representation.

The Defendant next throws its first of many red herrings in front of the Court by bringing up that the Defendant does not report to the credit reporting agencies and that the same was communicated to the Plaintiff. This has no relevance. The Defendant doesn't deny that Equable Ascent Financial, LLC has reported the Account to credit reporting

agency(s). The Defendant doesn't deny that Citibank has reported the account to credit reporting agency(s). Thus whether the Defendant reports it to the credit reporting agencies or not is not germaine to the issue at hand and does not have any bearing on the Plaintiff's claim against the Defendant for the false representation. The material false representation to the Plaintiff that the account would be on her credit until paid was not couched by who would report it, just that it would be on her credit until paid.

Defendant's argument that the Plaintiff's claim under FDCPA 1692e(8) fails as a matter of law because the Defendant does not report to the credit reporting agencies is without merit. 1692e(8) states in part: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false…" Thus Defendant's material false representation to the Plaintiff that the account would be on her credit until paid is a clear violation of 1692e(8) as the Defendant communicated information to the Plaintiff which is known or which should be known to be false as pursuant to the FCRA as shown above this account must come off the credit report after the expiration of 7 years.

The Defendant then attempts to mislead the Court after admitting to the 7 year reporting limitation on this account by stating "While this is generally true, there are exceptions to the seven year presumption" on page 11 of its response. Of course the Defendant simply cites the FCRA and does not list any exception that is applicable to the instant case because none exist. This type of conduct by the Defendant should not be rewarded. If it is going to claim an exception applies as it did, it has to show the Court and the Plaintiff the alleged exception, not play hide the ball because no exception exists.

The Defendant's argument that because the Defendant did not say it would be on the credit report forever there is no violation also fails and has no relevance to the issue at hand in this case – the materially false representation to the Plaintiff that the account would be on the Plaintiff's credit until paid was made and that statement violates 1692e(8).

The next red herring the Defendant presents is Pace v. Portfolio Recovery Associates, LLC, ---F.Supp.2d---, 2012 WL 2398024 (W.D.Mo. January 25, 2012). The Pace Court addressed completely different statements made regarding credit reporting in this case as quoted above. Instead it dealt with representations that: "it can cause you issues with your credit report" and that "the failure to pay a legitimate debt owed generally will result in a negative impact on one's credit report." Since these statements are completely different from the material false representation quoted above in the instant case the Pace case has no applicability to the instant action.

## FALSE REPRESENTATIONS REGARDING THAT THE PLAINTIFF HAD TO DISPUTE THE ACCOUNT IN WRITING AND THAT SHE HAD TO HAVE A REASON TO DISPUTE THE DEBT

The Defendant's actions in falsely representing to the Plaintiff that her dispute of the Account had to be in writing and that she had to have a reason to dispute the account constitutes a clear violation of the FDCPA as these material statements are false. The FDCPA does not allow a debt collector to tell a consumer that they have to have a reason to dispute the Account. The FDCPA allows the consumer to orally dispute a debt. Camacho v. Bridgeport Financial Inc., 430 F.3d 1078, 1081 (9th Cir. 2005) and Brady v. The Credit Recovery Company, Inc., 160 F.3d 64, 67 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can

9

always dispute a debt, regardless of the passage of time. <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64, 67 (1st Cir. 1998). The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. <u>Sambor v. Omnia Credit Servs.</u>, 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002). A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. Aug 3, 2004). Debt collectors may not make false claims, period. <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726, 730 (7th Cir. 2004). The FDCPA prohibits debt collectors from making false or misleading representations in connection with the collection of a debt and from using unfair or unconscionable means to collect to attempt to collect any debt. <u>See</u>, 15 U.S.C. §1692e preface, e(2)(A), e(8), e(10) and 1692f preface.

The <u>Brady</u> Court addresses the differences between a dispute under 1692e(8) and 1692g(b). "Applying these tenets, we conclude that 1692e(8) does not impose a writing requirement on a consumer who wishes to dispute a debt." <u>Id.</u> at 66.

> "In contrast, § 1692e(8) does not affect debt collection practices at all. *See* 15 U.S.C. § 1692e(8). Instead, § 1692e(8) merely requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history."

> <u>Brady</u> at 67.

> But the plain language of § 1692e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector "knows or should know" that the debt is disputed. *See* 15 U.S.C. § 1692e(8).This "knows or should know" standard requires no notification by the consumer, written or oral, and instead depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired.

> <u>Brady</u> at 67.

Disputes under 1692g(b) trigger an obligation on the Defendant's behalf including providing information and ceasing collection of the debt until verification is provided and accordingly they are limited to 30 days after the Plaintiff receives the first letter from the Defendant on an account pursuant to the statute. Disputes under 1692e(8) do not trigger any obligation for the Defendant to provide information or to cease collection until verification is provided.

The plain language of the statute also makes clear that the Plaintiff can dispute a debt either under 1692e(8) or 1692g(b). 1692g(c) states: "The failure of a consumer to dispute the validity of this debt **under this section** may not be construed by any court as an admission of liability by the consumer. (emphasis added). The plain language of the statute defeats the Defendant's argument that the Plaintiff could only dispute the account under 1692g(b) because 1692g(c) refers to a dispute "under this section" versus the dispute available under 1692e(8). If 1692g(b) was the only way for the Plaintiff to dispute the debt under the statute the "under this section" language would not be in 1692g(c).

"Judges should hesitate … to treat [as surplusage] statutory terms in any setting…" Brady at 67.

The Plaintiff in this case disputed the debt under 1692e(8), not under 1692g(b). The Plaintiff never requested any verification of the debt at all. The Plaintiff simply notified the Defendant that the debt was disputed on the telephone call on November 15, 2011 and then when the Defendant told her that her dispute had to be sent to them in writing and that she had to have a reason to dispute the account she sent the Defendant a written

dispute letter via US Mail on November 16, 2011 with the reason for her dispute in the dispute letter.

The Defendant's argument that its policy was to require that any disputes regarding the validity of an account to be made in writing by the consumer thus the Plaintiff had to dispute the account in writing is without merit.  *See* **Defendant's Exhibit C** attached to its Motion. P. 2, numbered paragraph 10. The Defendant's argument is that its policies supercede the FDCPA. This argument must fail. The FDCPA supercedes the Defendant's policies. Otherwise a Defendant could simply argue that its policy is to require payment within the 30 day time period under 1692g(b), that the Defendant's policy is to not accept disputes, that the Defendant's policy is not to notify the credit bureaus when a debtor disputes an account, etc. This is an absurd result and means that the Defendant could eviscerate the protections of the FDCPA simply by drafting policies contrary to the FDCPA.

The Defendant's discussion and caselaw cited regarding disputes under 1692g(b) is not applicable to this case as the Plaintiff is not alleging a violation of 1692g(b) by the Defendant.

The Defendant's discussion and caselaw regarding disputes under the FCRA is not applicable to this case as the Plaintiff has not stated a claim under the FCRA against the Defendant. Additionally the dispute provisions of the FDCPA and the FCRA are not correlated, nor dependent on each other and in fact are not related in any way. Under the FDCPA 1692g(b) and 1692e(8) the Plaintiff must dispute the debt with the debt collector. Under the FCRA the dispute must be done directly with the credit bureaus themselves

who then send the dispute directly to the credit furnishers, eg. credit card companies, mortgage companies, auto loan companies, etc. The dispute cannot go directly from the Plaintiff to the credit furnishers it has to go directly to the credit bureaus. See, 15 U.S.C. § 1692s-2(b).

The Defendant's argument that the Plaintiff could not identify the false and misleading representations made to her during the November 15, 2011 telephone call and that she did not rely on the material false representations are without merit. After the telephone call and in reliance on the Defendant's material false representation that she had to have a reason to dispute the account and that her dispute of the account had to be in writing the Plaintiff sent the Defendant a written dispute letter via US Mail that stated: "I dispute this. I don't know if I owe this. I never borrowed from this company." The letter also has an arrow pointing at the name Equable Ascent Financial, LLC on the letter and states: "Who is this?"

Whether the Plaintiff knows whether the Defendant's representations were false or not or what the Defendant did was wrong or not does not matter. As stated above the standard to evaluate the Defendant's liability for its actions under the FDCPA is not based on this Plaintiff's understanding of the statute - the Defendant's false representations are evaluated on the "least sophisticated consumer" standard.

The Defendant improperly cites Emanuel v. American Credit Exch., 870 F.2d 805, 808 (2nd Cir. 1989) to support its argument that the FDCPA was enacted as a "shield" and not a "sword". The case cite is wrong as the language the Defendant is referring to appears on page 807 not 808. The Defendant's argument fails because the language it

cites is not a holding by the Court it is simply the 2nd Circuit restating the District Court's holding under the section of the opinion titled "Background" in the case opinion. The Defendant conveniently fails to note to this Court that the 2nd Circuit reversed the District Court and found that the Defendant did violate the FDCPA in that case thus the 2nd Circuit rejected the District Court's holding.

The Defendant improperly cites Morse v. Dun & Bradstreet, Inc., 87 F.Supp.2d 901, 903-904 (D.Minn. 2000) to support its argument that the false statements made to the Plaintiff by the Defendant are not the false or misleading practices that Congress had in mind when it enacted the FDCPA and thus do not constitute a violation. This argument lacks merit as in the Morse case the Court was addressing whether language required to be in letters sent to Colorado residents by debt collectors but also sent to Minnesota residents violated FDCPA 1692e. In fact in the Morse case the Court specifically addressed the non-exhaustive list of proscribed conduct under FDCPA 1692e including referencing some of the sections that the Plaintiff in this case claims the Defendant violated in Footnote 1 on page 904, 1692e, 1692e(2)(A) and 1692e(8). Thus the Morse case actually supports the Plaintiff's position that the Defendant false statements violated conduct specifically prohibited by the FDCPA.

The Defendant cites Catherman v. Credit Bureau of Greater Harrisburg, 634 F.Supp. 693 (E.D.PA. 1986) in support of its position that the Defendant's false representations to the Plaintiff do not violate FDCPA 1692f. The Defendant's argument fails because in the Catherman case the Court was not addressing the false statements made to the Plaintiff in a telephone call as in the instant case instead it dealt with

statements about what might happen to the Plaintiff's credit in 2 collection letters. The Plaintiff's allegations against the Defendant in this case are not about what might happen, instead based on the Defendant's statement about what will happen – the account will be on the Plaintiff's credit until paid, that she had to have a reason to dispute the account and that her dispute of the account had to be in writing.

The Defendant cites Wahl v. Midland Credit Management, Inc., 556 F.3d 643 (7th Cir. 2000) in support of it argument that for a Plaintiff to succeed on a violation of FDCPA 1692e they must show not only that a statement is false but that it would mislead the unsophisticated consumer or the false statement is not material and not actionable under the statute. The Wahl case dealt with the breakdown of principal and interest in collection letters, not false representations made in a telephone call as in the instant case.

> "Congress passed the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, to curb abusive methods of debt collection. Central to this objective is the Act's requirement that debt collectors state only truthful information. Today we decide whether this requirement is violated when a collector, although accurately stating the amount demanded, breaks down the principal and interest components of the debt in an arguably false manner." Id. at 643 -644.

The false representations made to the Plaintiff in the instant case on a telephone call are completely different and are material false representations as the statements to the Plaintiff would mislead the "least sophisticated consumer" and in fact the Plaintiff relied on the Defendant's false representations and mailed the Defendant a dispute letter in response to one of the false representations as opposed to the breakdown of principal and interest in collection letters as in the Wahl case.

The Court in Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010) dealt with a mislabeled charge in a debt collector's complaint in an underlying action and held

that it was not materially false and adopted the standard in the Wahl case above. "We now conclude that false but non material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." Id. at 1033.

The false representations made to the Plaintiff in the instant case on the telephone call are completely different and are material false representations as the statements to the Plaintiff that would mislead the "least sophisticated consumer" and in fact the Plaintiff relied on the Defendant's false representations and mailed the Defendant a dispute letter with a reason for her dispute in response to the Defendant's false representations as opposed to the Donohue case which only dealt with a mislabeled charge in the underlying debt collection complaint.

The Defendant cites Muha v. Encore Receivable Management, Inc., 558 F.3d 623 (7th Cir. 2009) wherein the Court addressed language in a collection letter and held: "For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer." Id. at 627.

The Muha Court held: "When it is neither clear that a challenged statement is misleading nor clear that it is not, the question whether it is misleading is one of fact." Id. at 628.

The Muha Court held: "Were the plaintiff's seeking actual damages rather than just statutory damages, they would have to present some evidence that they were mislead to their detriment." Id. at 629.

In the instant case the Plaintiff is not seeking actual damages and is only seeking statutory damages plus reasonable attorney's fees and costs thus according to the Court in <u>Muha</u> the Plaintiff does not have to present any evidence that she was misled to her detriment.

The false representations made to the Plaintiff in the instant case on the telephone call are completely different and are material false representations as the statements to the Plaintiff would mislead the "least sophisticated consumer" and in fact the Plaintiff relied on the Defendant's false representations and mailed the Defendant a dispute letter in with a reason for her dispute in response to the Defendant's false representations as opposed to the <u>Muha</u> case which dealt with language in a collection letter.

The Defendant cites <u>Jenkins v. Centurion Capital Corporation</u>, 2009 WL 3414248 (N.D.Ill. October 20, 2009) wherein the Court dealt with a claim regarding an allegedly unsupported action brought against a debtor in state court and allegedly false statements in the debt collectors affidavit in the state court case.

The false representations made to the Plaintiff in the instant case on the telephone call are completely different and are material false representations as the statements to the Plaintiff would mislead the "least sophisticated consumer" and in fact the Plaintiff relied on the Defendant's false representations and mailed the Defendant a dispute letter in response to the Defendant's false representations as opposed to the <u>Jenkins</u> case which dealt with language in an underlying state court action lawsuit and affidavit regarding the same.

None of the cases cited by the Defendant support its position that the false representations made to the Plaintiff in the instant case were not material false representations. None of the cases cited by the Defendant are applicable to the instant case because none of the cases deal with false oral statements made to consumers that are clearly false and misleading material representations that violate the statute, that the Plaintiff then relied upon when she sent the Defendant a dispute letter with the reason for her dispute on November 16, 2011 and instead deal with very technical arguments that are not applicable here. The Defendant does not cite any cases where false representations made to the Plaintiff as stated in this case have been found to be not materially false. The false representations made to the Plaintiff by the Defendant in this case are materially false and meet the "materiality" standard even though it does not apply in this case.

In <u>Bourff v. Rubin Lublin, LLC</u>, 674 F.3d 1238, 1241 (11th Cir. 2012) the Court held:

> In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e . The use of "or" in § 1692e  means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.

In <u>Shoup v. McCurdy & Candler, LLC</u>, 2012 WL 1071196, page 3 (11th Cir. March 30, 2012) (Unpublished) the Court held:

> Finally, because the complaint alleges that McCurdy & Candler's initial communication letter falsely identified MERS as her "creditor," the complaint states a plausible claim for relief under the FDCPA. See Bourff, 674 F.3d at 1240–41.  And because the FDCPA provides a claim for statutory damages based on any violation of the statute, see 15 U.S.C. § 1692k(a)(2) , Mc-Curdy & Candler's alleged violation of the FDCPA is not harmless. See Muha v.

Encore Receivable Mgmt., Inc., 558 F.3d 623, 629 (7th Cir.2009) ("Were the plaintiffs seeking actual damages rather than just statutory damages, they would have to present some evidence that they were misled to their detriment."); Baker v. G.C. Servs. Corp., 677 F.2d 775, 780 (9th Cir.1982) ("The statute clearly specifies the total damage award as the sum of the separate amounts of actual damages, statutory damages and attorney fees. There is no indication in the statute that award of statutory damages must be based on proof of actual damages.").

The 10th Circuit has addressed this issue and held that a consumer who suffers no actual damages still has standing based solely upon their claim for statutory damages. See, <u>Robey v. Shapiro, Marianos & Cejda, LLC</u>, 434 F.3d 1208, 1212 (10th Cir. 2006).

## CONCLUSION

Pursuant to the plain language of the statute and the cases cited above the Plaintiff need not show that the Defendant's false representations in this case are material as she is not seeking actual damages in this case. Despite the fact that the Plaintiff is not seeking actual damages the Plaintiff has shown that the Defendant's false representations to the Plaintiff were material false representations and that the Plaintiff relied upon the representations and changed her conduct as a result of the same – by mailing the Defendant a written dispute of the account and giving a reason for her dispute in the dispute letter. As the Defendant's false representations to the Plaintiff violated the FDCPA as shown above Judgment cannot be entered for the Defendant on the Plaintiff's claims as requested by the Defendant and the Defendant's Motion must fail for the reasons stated above.

Respectfully submitted this 20th day of July, 2012.

 s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, Colorado 80112
Telephone: (303) 799-6895
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically filed the foregoing
PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FED.R.CIV.P.  56, CM/ECF # 15 and Exhibits with the
Clerk of the Court using the CM/ECF system which will send notification of such filing to
the following e-mail addresses:

swienczkowski@alp-pc.com

___s/ David M. Larson_____